18636

W. Brantley HARVEY, Complainant, v. John M. SCHOFIELD, Respondent

(154 S. E. (2d) 429)

*Messrs. Daniel R. McLeod, Attorney General,* and *Ben T. DeBerry, Assistant Attorney General,* of Columbia, *for complainant,*

*Robert W. Hayes, Esq.,* of Rock Hill, *for respondent,*

April 26, 1967.

## ORDER

*PER CURIAM:*

After hearings pursuant to our rule on disciplinary procedures, the Board of Commissioners on Grievances and Discipline filed with this court its final certified report finding the respondent guilty of professional misconduct, and recommending that the respondent be publicly reprimanded.

The matter is now before us on the report of the Board and the respondent's return to our order requiring him to show cause why a disciplinary order should not be issued against him.

Respondent is a member of the Bar of South Carolina and was engaged in the practice of law in this state for a number of years until July 1965. The record reflects that since that date he has been out of the state, and apparently not engaged in the practice of law. In the year 1964, following the receipt by the Board of various complaints against respondent, an investigation was commenced and, on or about March 18, 1965, a formal complaint was served in the matter. Said complaint set forth some thirty-eight counts of alleged misconduct on the part of the respondent.

A hearing was held before the panel on September 2, 1965, and the report of the panel was reviewed by the Board on May 6, 1966. Although duly notified, respondent did not attend the hearing before the panel or appear before the Board. He was in each instance, however, represented by counsel. Both the panel and the Board, dismissed some of the charges of misconduct against the respondent. Except with respect to charges dismissed, no evidence was offered on behalf of respondent.

Respondent, by his return to this court, asserts, in effect, only two contentions. First, he contends that there was an unwarranted delay on the part of the Board and the panel, which resulted in him being unable to be present to testify and defend himself. This contention is without merit for more than one reason. In view of the large number of complaints against respondent, which had to be investigated, we think there was no undue or unwarranted delay on the part of either the panel or the Board. While respondent was represented by counsel, the record does not reflect that any effort was made to obtain a continuance of either the hearing or the review to a time or times when respondent could be present.

Respondent's other contention is that the evidence adduced against him is legally insufficient to warrant any disciplinary action. We do not think that a detailed discussion of the evidence is necessary to show that such contention is without merit. The charges, upon which disciplinary action has been recommended, involved the issuance of checks by the respondent which were not paid by the respective banks upon presentation. Over a period of approximately four years the respondent drew thirty-four such checks on nine different banks, and in each instance a warrant for his arrest was issued by a magistrate. In thirty-two instances the respondent arranged for the payment of such checks after warrants for his arrest had been issued. In one instance a check in the amount of $360 was not paid, but that particular case was not pressed because the evidence showed that the check was issued in payment of a debt. One check in the amount of $15 presented to the magistrate is, according to the evidence, still outstanding and unpaid. It is not clear that a warrant was actually issued in connection there with.

The magistrate who issued the numerous warrants testified before the panel and the actual warrants and many of the checks were offered in evidence. With respect to most of the checks, however, the persons to whom they were issued did not appear and testify to the circumstances under which the checks were uttered. It is, accordingly argued by the respondent that there is an absence of proof of any fraudulent intent on his part in uttering the checks.

We shall not undertake to discuss each of the checks involved, or to decide with respect to any one or more of them whether there was sufficient evidence of fraudulent intent on the part of the respondent. For, giving full benefit of any doubt thereabout, the fact remains that his pattern of conduct, which caused warrants for his arrest to be issued, in more than thirty instances over a period of four years warrants the disciplinary action recommended by the Board.

Section 4 of our rule on disciplinary procedure defines misconduct as "* * * any one or more of the following: * * * (b) conduct tending to * * * bring * * * the legal profession into disrepute."

There can be no doubt, we think, that the pattern of conduct on the part of the respondent, reflected by the record, tended to bring the legal profession into disrepute, and that, hence, the respondent is guilty of misconduct warranting disciplinary action.

The recommendation of the Board is adopted, and for his acts of misconduct the respondent, John M. Schofield, stands publicly reprimanded by this court. Let this order be published with the opinions of this court.

And it is so ordered.